# EXHIBIT A

Filing # 75452444 E-Filed 07/24/2018 05:11:16 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.

| | |
|---|---|
| ROBYN FERRIS, an individual, on behalf of herself and all others similarly situated,    ) ) ) )<br><br>     Plaintiff,    )<br>   )<br>vs.    )<br>   )<br>SAMSUNG ELECTRONICS CO., LTD., a foreign for profit company, and SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,    ) ) ) ) ) )<br><br>    Defendants.    ) | CLASS REPRESENTATION |

8/17/18
11:09 AM
JVS731

## CLASS ACTION COMPLAINT

Plaintiff Robyn Ferris ("Plaintiff" or "Ms. Ferris"), individually and on behalf of all

others similarly situated, hereby sues Samsung Electronics Co., Ltd. ("Samsung Electronics"),

and Samsung Electronics America, Inc. ("Samsung America") (Samsung Electronics and

Samsung America are collectively called "Samsung" or "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1.     Venue is proper in this County, because that is where a substantial part of the

events or omissions giving rise to the claim occurred.

2.     This is an action for damages that exceed $15,000.00, exclusive of interest, court

costs, and attorneys' fees.

## THE PARTIES

3.      Plaintiff, Robyn Ferris, is an individual *sui juris* and a citizen of Florida.

4.      Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a publicly-traded[1] foreign multinational electronics company with its principal place of business in Suwon, Republic of Korea.  Samsung Electronics owns over 50% of Defendant Samsung Electronics America, Inc.

5.      Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation, with its principal place of business in Ridgefield Park, New Jersey.  Samsung America is a U.S. subsidiary of Samsung Electronics.

## GENERAL FACTS

6.      Samsung Electronics and Samsung America (collectively, "Samsung") develop, market and sell a wide variety of home electronics and appliances throughout the United States.  These products include kitchen appliances, including refrigerators.

7.      hhgregg was a retailer of consumer electronics and home appliances.  Founded in 1955, hhgregg sold its products online and through "big box" stores located in 20 states in the Midwest, Northeast, and Southeast United States.  In 2015, hhgregg operated a store located at 1750 N. Federal Hwy., US1 in the city of Fort Lauderdale, Florida.[2]

8.      In the fall of 2015, Plaintiff and her husband were in the market for a set of new kitchen appliances for their home.

9.      Plaintiff was interested in purchasing stainless steel appliances for several reasons.  These include stainless steel's high resistance to rust and corrosion, its durability, and

---

[1]      Samsung Electronics is traded on the Korea Exchange (KRX) as 005930.

[2]      On March 6, 2017, hhgregg filed for Chapter 11 bankruptcy.  On May 25, 2017, all its brick-and-mortar stores were closed permanently.

the unique brushed "stainless steel" look of the metal.  Plaintiff was not interested in a "fake" stainless steel refrigerator, or a non-stainless steel fridge with a painted finish.  Plaintiff was not aware that "fake" stainless steel appliances masquerading as genuine stainless steel appliances are on the market.

10.　　Stainless steel has always been the metal of choice for commercial-grade appliances, due to its ability to withstand the heavy workload of professional kitchens.  In recent years, stainless steel appliances have seen an enormous explosion in popularity in the retail kitchen appliance market.[3]

11.　　On or about October 24, 2015, Plaintiff purchased from hhgregg a microwave (model number ME18H704SFG), dishwasher (model number DW80J7550UG), electric range (model number NE59J7850WG), and a refrigerator (model number RF263BEAESG/AA) made and sold by Samsung ("the Products").

12.　　The Products were advertised as "**stainless steel**."[4]

13.　　Plaintiff paid a premium price for the Products, and for what she believed were quality stainless steel kitchen appliances, as advertised.  Had the Products not been advertised as "stainless steel," Plaintiff would not have purchased the Products.

14.　　After purchase, Plaintiff noticed scratches on her appliances that would not wipe off.

---

[3]　　For one discussion on how stainless steel has come to be a status symbol in modern kitchens, and the commercial origins of stainless steel appliances, see https://www.theatlantic.com/business/archive/2012/02/how-did-stainless-steel-appliances-get-so-popular/252385/ (last accessed April 13, 2018).

[4]　　Plaintiff purchased her "stainless steel" Products in the "black stainless steel" finish.  According to https://www.ajmadison.com/learn/why-are-black-stainless-steel-appliances-so-popular/ , LG (another Korean chaebol) and Samsung led the way with introducing "black stainless steel" to the U.S. consumer marketplace.

15.    She did a magnet test on her refrigerator.[5]  The refrigerator failed the test.

16.    Plaintiff and her fiancé then removed a part of their Products, and took it to Capital Scrap Metal, located in Pompano Beach, Florida, on February 17, 2017 for evaluation. An employee at Capital Scrap Metal, after examining the appliance piece, notified them that it was not stainless steel.

17.    Plaintiff realized that Samsung had sold her fake stainless steel appliances and retained counsel.

18.    Samsung advertises some of their appliances, including the Products purchased by Plaintiff, as "stainless steel."  As a matter of fact, they are not stainless steel, but appliances made of some cheaper material covered in paint or laminate to look like stainless steel.[6]

19.    Samsung is misleading the public by selling sub-standard laminate/painted appliances as "stainless steel" appliances with which consumers already have familiarity.  This is

---

[5]    Plaintiff's magnets stuck to her refrigerator, for example.  They shouldn't, if the appliance were made of austenitic stainless steel.  *See* http://www.chicagomag.com/Chicago-Home/July-August-2007/Q-My-magnets-donat-stick-to-my-new-stainless-steel-refrigerator-What-am-I-going-to-do-with-the-stuff-that-hung-on-my-old-one/ (last accessed November 8, 2017).

[6]    Other appliance manufacturers have in the past developed stainless steel look-alike finishes, but do not call them "stainless steel."  For example, G.E. has appliances that they call CleenSteel, and Frigidaire has a line of appliances named Silver Mist.  Both of these product lines are appliances that have the "brushed chrome" look of stainless steel.  The difference is that G.E. and Frigidaire, unlike Samsung, call their painted/laminate appliances a proprietary name, not "stainless steel."  *See* https://blog.yaleappliance.com/bid/92693/the-difference-between-stainless-steel-cleansteel-and-silver-mist (last accessed April 13, 2018) for an interesting article on the differences between stainless steel, CleenSteel, and Silver Mist.

For example, on G.E.'s website, G.E. states very clearly that CleenSteel is a "laminate vinyl with the look of stainless...magnets stick to CleenSteel." http://products.geappliances.com/appliance/gea-support-search-content?contentId=16606 (last accessed November 8, 2017).

The CleenSteel line was discontinued in 2015. *Id.*  It is a pity that honest advertising by manufacturers such as G.E. in this instance is unrewarded.  No good deed goes unpunished.

B E C K   &   L E E
12485 SW 137th Avenue, Suite 205 | Miami, Florida 33186 | 305-234-2060

especially egregious because austenitic stainless steel has been used for high-end and

commercial kitchen appliances for many years, pioneered by companies such as Thermador.[7]

20.     Samsung is exploiting the history of real stainless steel appliances, the public's

perception of stainless steel appliances as being more durable (which they are), higher-end, and

expensive (real austenitic stainless steel IS a more expensive alloy than steel), and pawning off

substandard merchandise as the "real deal."

21.     "Stainless steel" has a very specific meaning in metallurgy.  Given the history of

real stainless steel appliances of certain metallugical make-up, calling a kitchen appliance

"stainless steel" is completely different from calling an appliance "lime green" or "white."  It is a

---

[7]     Thermador Electrical Mfg. Co. ("Thermador") pioneered the first stainless steel kitchen, including the first stainless steel dishwasher, in the 1940's and later.  *See* http://www.thermador.com/blog/thermador-innovation-groundbreaking-firsts-from-the-first-50-years/ for a look back into the history of Thermador's groundbreaking firsts in the kitchen appliance industry. Thermador, the **appliance manufacturer of choice for both Julia Child and Alice of The Brady Bunch**, is not a subject of Plaintiff's lawsuit, but it is apparent that Defendants are piggy-backing off the legacy of Thermador and other authentic stainless steel appliance makers.  *See* https://en.wikipedia.org/wiki/Thermador (Julia Child's kitchen, with Thermador oven, inducted into the Smithsonian); http://curtosappliances.com/2014/06/02/rip-alice-loved-your-thermador-wall-oven/ (last accessed April 13, 2018).

See also https://en.wikipedia.org/wiki/Stainless_steel#Stainless_steel_families (last accessed April 24, 2018), which states that:

Food and Beverage
**Austenitic (300 series) stainless steel**, in particular Type 304 and 316, is the **material of choice** for the Food & Beverage industry. Stainless steels do not affect the taste of the product, they are easily cleaned and sterilized to prevent bacterial contamination of the food, and they are **durable**.

Stainless steels are used extensively in:

Cookware
Commercial food processing
**Commercial kitchens**
Brewing beer
Wine making
Meat processing

(emphasis added).

BECK & LEE
12485 SW 137th Avenue, Suite 205 | Miami, Florida 33186 | 305-234-2060

misleading practice in advertising.  Such a practice by unscrupulous companies like Samsung

should be stamped out.

## CLASS REPRESENTATION ALLEGATIONS

22.     Plaintiff brings this action as a class action pursuant to Florida Rule of Civil

Procedure 1.220(b)(1) and 1.220(b)(2) on behalf of herself and all others similarly situated as

members of the following class:

> All persons in the United States who purchased an appliance made from Samsung
> advertised as "stainless steel" (the "Class").

23.     Subject to additional information obtained through further investigation and

discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or

amended complaint.  Specifically excluded from the proposed Class are the Defendants, its

officers, directors, agents, trustees, parents, children, corporations, trusts, representatives,

employees, principals, servants, partners, joint venturers, or entities controlled by the

Defendants, and its heirs, successors, assigns, or other persons or entities related to or affiliated

with the Defendants and/or its officers and/or directors, or any of them; the Judge assigned to

this action, and any member of the Judge's immediate family.

24.     *Numerosity*.  The members of the Class are so numerous that their individual

joinder is impracticable.  Plaintiff is informed and believes, and on that basis allege, that the

proposed Class contains many thousands of members.  The precise number of Class members is

unknown to Plaintiff.  The true number of Class members are known by the Samsung, however,

and thus, may be notified of the pendency of this action by first class mail, electronic mail, and

by published notice, electronic and otherwise.

25.     *Existence and Predominance of Common Questions of Law and Fact*.

Common questions of law and fact exist as to all members of the Class and predominate over

BECK & LEE

12485 SW 137th Avenue, Suite 205 | Miami, Florida 33186 | 305-234-2060

any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

      (a)      Whether they purchased "stainless steel" appliances made by Samsung;

      (b)      Whether the Defendants have been unjustly enriched at the expense of Plaintiff and the Class;

      (c)      Whether Defendants are liable to Plaintiff and the Class for money had and received;

      (d)      Whether Defendants should be enjoined from engaging in the methods, acts or practices alleged herein; and

      (e)      Whether Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief.

26.      *Typicality*. Plaintiff's claims are typical of the claims of the members of the Class in that the Defendants sold a product(s) to Plaintiff advertising that they were composed of a specific metal, when it fact it was a baser metal with a laminate/painted surface. All the Class members' claims would therefore be typical.

27.      *Adequacy of Representation*. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

28.      *Superiority*. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants. It would thus be virtually

impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.[8] Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or varying judgments arising from the same set of facts concerning individual members of the class which would establish incompatible standards of conduct for Defendants. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

29.     In the alternative, the Class may be also certified because:

(f)     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the Defendants;

(g)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

---

[8]     For example, Plaintiff would be hard pressed to find a law firm willing to engage in a multi-year scorched-earth litigation with Samsung, a well-capitalized foreign corporation with revenues of $305 billion (as of 2014), to litigate her claim on an individual basis, no matter how meritorious. *See* https://en.wikipedia.org/wiki/Samsung (last accessed April 13, 2018). Pursuing a lawsuit *pro se* would similarly get Plaintiff nowhere. *See* https://www.nytimes.com/2017/09/11/us/politics/judge-richard-posner-retirement.html (where noted jurist Judge Richard A. Posner, formerly of the 7th Circuit Court of Appeals, said that "most judges regard [pro se litigants] as kind of trash not worth the time of a federal judge").

BECK & LEE

12485 SW 137th Avenue, Suite 205 | Miami, Florida 33186 | 305-234-2060

(h)     Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

30.     The claims asserted herein are applicable to all customers throughout the United States who purchased Samsung appliances labeled as "stainless steel" which were, in fact, not made of stainless steel as used in the past for kitchen appliances, both commercial and consumer.

31.     Adequate notice can be given to Class members directly using information maintained in Defendants' records or through notice by publication, electronic or otherwise.

32.     Damages may be calculated, in part, from the sales information maintained in Defendants' records and the records of members of the Class, so that the cost of administering a recovery for the Class can be minimized.  However, the precise amount of damages available to Plaintiff and the other members of the Class is not a barrier to class certification.

### COUNT I
### (against all Defendants)

### Unjust Enrichment

33.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs 1 through 32, as though fully set forth herein.

34.     During the class period, Plaintiff and Class members conferred a benefit upon Defendants without knowledge of the substandard products, benefits that were non-gratuitous.

35.     Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiff and the Class members despite Defendants' knowledge of the substandard products.

36.     Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiff and the Class members under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable.

B E C K   &   L E E
12485 SW 137th Avenue, Suite 205 | Miami, Florida 33186 | 305-234-2060

37.     Because Defendants' retention of the non-gratuitous benefits conferred by Plaintiff and the Class members is unjust and inequitable, Defendants must pay restitution in the manner established by the Court, in addition to any other equitable remedy the Court may choose to impose.

38.     Accordingly, Plaintiff and members of the Class seek full restitution of Defendants' enrichment, benefits and ill-gotten gains acquired because of the unlawful and/or wrongful conduct alleged herein.

39.     Plaintiff and the Class have no adequate remedy at law.

40.     Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of all reimbursement, restitution and disgorgement from Defendants.  Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.     For an order certifying the Class under the appropriate provisions of Florida Rule of Civil Procedure 1.220, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Class;

B.     Awarding reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the Class;

C.     For pre- and post-judgment interest to the Class, as allowed by law;

D.     For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

E.     Granting such other and further relief as is just and proper.

## COUNT II
### (against all Defendants)

### Money Had and Received

41.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs 1 through 32, as though fully set forth herein.

42.     This cause of action is pled in the alternative of all contract-based causes of action.

43.     As a result of the conduct alleged herein, Defendants have improperly received monies from Plaintiff and the Class it was not legally entitled to receive.

44.     Plaintiff and members of the Class have a claim for improperly paid monies to Defendants resulting from Defendants' improper marketing and selling of the Products.

45.     Equity and good conscience require that Defendants pay over such additional monies, described above, to Plaintiff and the Class.

46.     As a direct and proximate result of Defendants' misconduct, Plaintiff and members of the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement in the amount necessary to restore them to the position they would have been in if Defendants have not sold them the fraudulent Products.

47.     Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of reimbursement, restitution and disgorgement from Defendants.  Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conferment of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

BECK & LEE
12485 SW 137th Avenue, Suite 205 | Miami, Florida 33186 | 305-234-2060

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

A.      For an order certifying the Class under the appropriate provisions of Florida Rule of Civil Procedure 1.220, as well as any appropriate subclasses, and appointing Plaintiff and their legal counsel to represent the Class;

B.      Awarding reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the Class;

C.      For pre- and post-judgment interest to the Class, as allowed by law;

D.      For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

E.      Granting such other and further relief as is just and proper.

### COUNT III
### (against all Defendants)

### Injunctive Relief

48.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs 1 through 32 as though fully set forth herein.

49.     Plaintiff has no adequate remedy at law for future unlawful conduct by Defendants in connection with their manufacture, marketing and sale of appliances fraudulently being sold as "stainless steel" kitchen appliances.

50.     Defendants continue to manufacture, market and sell kitchen appliances as "stainless steel" appliances when they are not "stainless steel."

51.     The continuing nature of Defendants' acts would necessitate a separate action by Plaintiff and each Class member for damages for each act and would subject Plaintiff, each Class

B E C K   &   L E E
12485 SW 137th Avenue, Suite 205 | Miami, Florida 33186 | 305-234-2060

member, Defendants, and this Court to the expense, annoyance, and inconvenience of a multiplicity of suits.

52.    Plaintiff and the Class have a substantial likelihood of success on the merits of their claims (*i.e.*, Counts I through III, *infra*), since Defendants' liability is clear and self-evident.

53.    An injunction prohibiting Defendants from continuing to engage in practices that are likely to cause further damage will serve the public interest.

54.    Plaintiff and the Class are entitled to an injunction prohibiting Defendants from continuing to engage in practices alleged herein.

WHEREFORE, Plaintiff demands the following relief:

A.    An order certifying the Class under the appropriate provisions of Florida Rule of Civil Procedure 1.220, as well as any appropriate subclasses, and appointing Plaintiff and her legal counsel to represent the Class;

B.    For the named Plaintiff and the Class, injunctive relief against Samsung as this Court deems necessary and proper including the immediate cessation of the marketing and sale of all appliances labelled as "stainless steel" until further order of the Court;

C.    For reasonable attorneys' fees and costs to counsel for the Class if and when non-pecuniary benefits are obtained on behalf of the Class; and

D.    Granting such other and further relief in equity as is just and proper.

### DEMAND FOR TRIAL BY JURY

55.    Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

*~signature page follows~*

B E C K  &  L E E

12485 SW 137th Avenue, Suite 205 | Miami, Florida 33186 | 305-234-2060

DATED: July 24, 2018

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Lee Beck
By: Elizabeth Lee Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
BEVERLY VIRUES
Florida Bar No. 123713
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone:    (305) 234-2060
Facsimile:    (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com
beverly@beckandlee.com

CULLIN O'BRIEN LAW, P.A.
CULLIN O'BRIEN
Florida Bar No. 597341
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Telephone:    (561) 676-6370
Facsimile:    (561) 320-0285
cullin@cullinobrienlaw.com

Counsel for Plaintiff and the Proposed Class

Filing # 75452444 E-Filed 07/24/2018 05:11:16 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>ROBYN FERRIS</u>
Plaintiff

vs.

<u>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.</u>
Defendant

II.    **TYPE OF CASE**

- ❑ Condominium
- ❑ Contracts and indebtedness
- ❑ Eminent domain
- ❑ Auto negligence
- ❑ Negligence – other
  - ❑ Business governance
  - ❑ Business torts
  - ❑ Environmental/Toxic tort
  - ❑ Third party indemnification
  - ❑ Construction defect
  - ❑ Mass tort
  - ❑ Negligent security
  - ❑ Nursing home negligence
  - ❑ Premises liability – commercial
  - ❑ Premises liability – residential
- ☒ Products liability
- ❑ Real Property/Mortgage foreclosure
  - ❑ Commercial foreclosure $0 - $50,000
  - ❑ Commercial foreclosure $50,001 - $249,999
  - ❑ Commercial foreclosure $250,000 or more
  - ❑ Homestead residential foreclosure $0 – 50,000
  - ❑ Homestead residential foreclosure $50,001 - $249,999
  - ❑ Homestead residential foreclosure $250,000 or more
  - ❑ Non-homestead residential foreclosure $0 - $50,000
  - ❑ Non-homestead residential foreclosure $50,001 - $249,999

- ❑ Non-homestead residential foreclosure $250,00 or more
- ❑ Other real property actions $0 - $50,000
- ❑ Other real property actions $50,001 - $249,999
- ❑ Other real property actions $250,000 or more

- ❑ Professional malpractice
  - ❑ Malpractice – business
  - ❑ Malpractice – medical
  - ❑ Malpractice – other professional
- ❑ Other
  - ❑ Antitrust/Trade Regulation
  - ❑ Business Transaction
  - ❑ Circuit Civil - Not Applicable
  - ❑ Constitutional challenge-statute or ordinance
  - ❑ Constitutional challenge-proposed amendment
  - ❑ Corporate Trusts
  - ❑ Discrimination-employment or other
  - ❑ Insurance claims
  - ❑ Intellectual property
  - ❑ Libel/Slander
  - ❑ Shareholder derivative action
  - ❑ Securities litigation
  - ❑ Trade secrets
  - ❑ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.     **REMEDIES SOUGHT** (check all that apply):
         ☒   Monetary;
         ☒   Non-monetary declaratory or injunctive relief;
         ☐   Punitive

IV.      **NUMBER OF CAUSES OF ACTION: (     )**
         (Specify)

         <u>3</u>

V.       **IS THIS CASE A CLASS ACTION LAWSUIT?**
         ☒   Yes
         ☐   No

VI.      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
         ☒   No
         ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
         ☒   Yes
         ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Elizabeth Lee Beck</u>     FL Bar No.: <u>20697</u>
    Attorney or party                                                (Bar number, if attorney)

   <u>Elizabeth Lee Beck</u>     <u>07/24/2018</u>
    (Type or print name)                              Date

Filing # 76345405 E-Filed 08/13/2018 01:19:48 PM

7301

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ROBYN FERRIS, AN INDIVIDUAL, ON
BEHALF OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

      PLAINTIFF,

VS.

SAMSUNG ELECTRONICS CO., LTD., A
FOREIGN FOR PROFIT COMPANY, AND
SAMSUNG ELECTRONICS AMERICA, INC.,
A NEW YORK CORPORATION,

      DEFENDANTS.

CASE NO.: 18-017681

8/17/18
11:00 Am
NS
731

**CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in
this action on defendant:

    Serve: **SAMSUNG ELECTRONICS AMERICA, INC.**

        **BY SERVING C T CORPORATION SYSTEM**

        **1200 SOUTH PINE ISLAND ROAD**

        **PLANTATION, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to
wit: Jared H. Beck

whose address is:     **BECK & LEE TRIAL LAWYERS**

                **12485 SW 137th Ave., Suite 205**

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 8/13/2018 1:19:46 PM.****

**Miami, Florida 33186**

**Telephone: (305) 234-2060**

**Facsimile: (786) 644-3334**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____     AUG 15 2018

as Clerk of said Court

By: _____

as Deputy Clerk

(Court Seal)

BRENDA D. FORMAN

<u>SUMMONS:</u>

<u>PERSONAL SERVICE ON AN INDIVIDUAL</u>

<u>IMPORTANT</u>

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not known an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

<u>IMPORTANTE</u>

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificadion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante.)

<u>IMPORTANT</u>

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

_____s/_____

Jared H. Beck

12485 SW 137th Ave., Suite 205

Miami, Florida 33186

Telephone: (305) 234-2060

Facsimile: (786) 644-3334

4

 **CT Corporation**

**Service of Process Transmittal**
08/17/2018
CT Log Number 533894277

**TO:** Ken Murata
Samsung Electronics America, Inc.
85 Challenger Rd Fl 7
Ridgefield Park, NJ 07660-2118

**RE:** **Process Served in Florida**

**FOR:** Samsung Electronics America, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robyn Ferris, etc., Pltf. vs. Samsung Electronics Co., Ltd., et al., Dfts. //To: Samsung Electronics America, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # 18017681 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - a microwave (model number ME 18H7045FG), dishwasher (model number DWSOJ7550UG), electric range (model number NE59J7850WG), and a refrigerator (model number RF263BEAESG/AA) made and sold by Samsung ("the Products") |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/17/2018 at 11:33 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons on that defendant, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Elizabeth Lee Beck<br>BECK & LEE TRIAL LAWYERS<br>12485 SW 137th Ave., Suite 205<br>Miami, FL 33186<br>305-234-2060 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780111938050 |
| | Image SOP |
| | Email Notification,  Ken Murata  ken.murata@sea.samsung.com |
| | Email Notification,  Christopher Low  clow@sea.samsung.com |
| | Email Notification,  Gabriel Ramos  g.ramos@partner.sea.samsung.com |
| | Email Notification,  Alessandra Schneider  alessandra.s@sea.samsung.com |
| | Email Notification,  Richard Rosalez  r.rosalez@SEA.samsung.com |
| | Email Notification,  Michael Sharples  m.sharples@sea.samsung.com |

Page 1 of  2 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
08/17/2018
CT Log Number 533894277

**TO:**   Ken Murata
Samsung Electronics America, Inc.
85 Challenger Rd Fl 7
Ridgefield Park, NJ 07660-2118

**RE:**   **Process Served in Florida**

**FOR:**   Samsung Electronics America, Inc.  (Domestic State: NY)

Email Notification,  Jordan Flournoy  j.flournoy@sea.samsung.com

Email Notification,  Chris Park  jinho01.park@sea.samsung.com

Email Notification,  Gary Tulp  gary.tulp@sea.samsung.com

Email Notification,  Rachel S Harris  r.harris@sea.samsung.com

**SIGNED:**   C T Corporation System
**ADDRESS:**   1200 South Pine Island Road
Plantation, FL 33324
**TELEPHONE:**   954-473-5503

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.